[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiffs, William C. Calvert and Robert Calvert, initiated this action by complaint filed April 22, 1994, against three defendants, the State of Connecticut, the State of Connecticut Department of Transportation and Emil H. Frankel, in his official capacity as the Commissioner of the State of Connecticut Department of Transportation. The complaint is in nine counts and alleges that on or about November 20, 1986, and continuing thereafter, the defendants caused damage to the plaintiffs' properties by the improper discharge of storm water.
The underlying action involves the grant of authority allowing the state to drain highways into private lands under General Statutes § 13a-138. The state diverted water onto the plaintiff's land. This diversion of water flooded and contaminated a shallow well that serviced three residences. Additionally, the increased flow eroded a slope causing a pond to accumulate silt. The plaintiffs claim to have replaced one well with three wells and to have spent sums for erosion control.
Procedurally, the plaintiff, William Calvert, complied with the notice provisions of General Statutes § 4-147. William Calvert timely filed a notice of claim and sought permission to sue the state by letter received in the Office of the Claims Commissioner on November 16, 1987. In that letter, William Calvert claimed $15,000 in damages.
Counsel for the parties attended an informal conference CT Page 2182 with the Claims Commissioner on February 18, 1993. In accordance with General Statutes § 4-160(a), the Claims Commissioner, in Memorandum of Opinion Re Permission to Sue the State, File No. 9935, dated April 20, 1993, determined that the claim presents an issue of law or fact under which the state could be liable and granted permission for the claimant William Calvert to sue the state. No amount to be sought in damages was specified. The plaintiffs have not submitted any material or evidence which shows that Robert Calvert either sought or was granted permission to sue the state.
The defendants now seek to dismiss counts 1, 2, 3, 4, 5, 6, 8 and 9 of the Complaint and to dismiss Robert Calvert's claim under Count 7. In addition, the defendants seek to dismiss any claim in excess of $15,000 under Count 7. Counts 1 through 8 all allege the same facts, but claim damages under differing legal theories, including trespass, private nuisance, violation of General Statutes § 13a-138 and negligence. The defendants seek to limit the plaintiffs' recovery to a single negligence theory as alleged in count 7. Count 9 alleges breach of an oral contract. The plaintiffs claim that their permission to sue allows them to seek recovery under all available legal theories.
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "[O]nce the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Id. at 545.
The defendants maintain that Robert Calvert did not receive permission to sue the state and any claims advanced by him are barred by the doctrine of sovereign immunity. The plaintiffs assert that the Claims Commissioner reviewed the request to sue the state in which William Calvert repeatedly referred to the claimants in the plural by using the pronoun "we" and additionally submitted claims that named Robert Calvert as the payor. The plaintiffs argue that the Claims CT Page 2183 Commissioner, therefore, granted both William and Robert Calvert permission to sue, despite the Memorandum of Opinion, File No. 9935, which grants only William Calvert permission to sue the state.
The language of General Statutes § 4-147 states, in pertinent part, "[a]ny person wishing to present a claim against the state shall file with the clerk of the office of the claims commissioner a notice of claim, in duplicate, containing the following information: (1) The name and address of the claimant. . ."
"We have long recognized the common-law principle that the state cannot be sued without its consent. . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." Tamm v.Burns, 222 Conn. 280, 283 (1992).
The doctrine of sovereign immunity implicates subject matter jurisdiction and is, therefore, a basis for granting a motion to dismiss. Antinerella v. Rioux, 229 Conn. 479, 489
(1994). Where no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction. Antinerella v. Rioux, supra, 229 Conn. 488. "[A]ctions against the state as a sovereign . . . are, therefore, barred by the doctrine of sovereign immunity. . . . Consequently, such claims are subject to dismissal pursuant to Section 143 of the Practice Book." (Citation omitted.)Fetterman v. University of Connecticut, 192 Conn. 539, 550
(1984).
Robert Calvert presented no evidence demonstrating that he filed a claim as provided by General Statutes § 4-147. The Claims Commissioner only granted William Calvert permission to sue the state. Despite the fact that William Calvert's request for permission to sue the state referred to "we" in numerous instances, only William Calvert was granted permission to sue. Accordingly, only William Calvert is properly before the court and the doctrine of sovereign CT Page 2184 immunity removes Robert Calvert's claims from the subject matter jurisdiction of this court. See Young v. Guy F.Atkinson Co., Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV 91 0114677 S (May 17, 1994, Nigro, J.).
The state next advances several arguments supporting its motion to dismiss against William Calvert. The state first argues that the subject matter jurisdiction of the court is limited to the precise boundaries of the legislature's waiver of the state's sovereign immunity. Essentially, the state argues that William Calvert is limited to seeking the $15,000 as originally claimed in his petition to sue the state filed November 16, 1987. The plaintiff argues that the Claims Commissioner, prior to deciding whether permission to sue was warranted under the circumstances, heard evidence that increased the original claim from $15,000 to $25,472 and, therefore, the permission to sue included permission to increase the claim to the higher figure.
General Statutes § 4-147 states in pertinent part "[a]ny person wishing to present a claim against the state shall file with the clerk of the office of the claims commissioner a notice of claim, in duplicate, containing the following information: . . . (3) a statement of the amount requested . . ." It is undisputed that William Calvert properly presented a claim in accordance with Section 4-147.
The defendant relies on Sarges v. State, 26 Conn. Sup. 24
(Super.Ct. 1965), for the proposition that the claimant cannot sue the state for an amount in excess of the amount claimed before the Claims Commissioner. Sarges, although not controlling authority, is persuasive.
In Sarges, the claimant, by notice pursuant to General Statutes § 4-147, sought permission to sue the state for $20,000. After being granted permission to sue, in which no amount to be sought in damages was specified, the claimant filed suit for $75,000. The court in Sarges stated, at page 28:
 [w]hen permission to sue for $20,000 was sought and the plaintiff was authorized to sue, this authorization related to the amount requested, namely $20,000. Such authorization was no carte CT Page 2185 blanche authority to the plaintiff to sue for any amount that he might choose. If this were so, as the plaintiff contends, the method of making a claim and the authorization to sue the state would not have been set forth in the detail and manner they are set forth in chapter 53, nor would the commission be able to determine what is 'just and equitable' in authorizing a suit against the state on a claim . . . unless it considered the statement of the amount requested, namely, the amount sought in damages.
In the present case, the plaintiff, in his original claim filed November 16, 1987, sought $15,000 in damages. The plaintiff claims that the injury continued during the intervening period, from November 16, 1987 until the informal conference of February 18, 1993, and the damages increased to $25,472. The plaintiff submitted no evidence that he sought permission from the Claims Commissioner to sue the state for any additional damage occurring after he filed the claim for $15,000 on November 16, 1987. Although a letter submitted by the plaintiffs indicates that on February 19, 1992, the plaintiffs submitted bills and estimates in the total amount of $25,472.00 to Michael J. Lombardo, Assistant Attorney General, in connection with a settlement demand on the state, the plaintiff did not demonstrate to the court that the Claims Commissioner considered any amount in excess of $15,000. Therefore, the court finds that the Claims Commissioner, in determining whether suit was `just and equitable' under the circumstances, reviewed the plaintiffs' claim and granted the claimant, William Calvert, permission to sue the state for a sum not to exceed $15,000.
General Statutes § 4-147 does not require the claimant to state the legal theories upon which his claim is based, only a concise statement of the factual basis of the claim. Consistent with General Statutes § 4-160, the Claims Commissioner granted permission for William Calvert to sue the state "based on the filings of the parties and on representations made at the informal conference." (Memorandum of Opinion dated April 20, 1993). The Claims Commissioner stated further "that the claim presents an issue of law or fact under which the state, were it a private person, could be liable." Legal theories are not specified, nor are they limited, except to the extent that General Statutes § 4-160
CT Page 2186 limits them.
The defendants offer the court no authority which holds that the claimant is limited to a negligence theory when suing the state under General Statutes § 4-160 and this court finds none. See Peterson v. Oxford, 189 Conn. 740, 747-48 (1983) (claims against state for nuisance and trespass allowed in action involving governmental function of draining surface water from highway).
The plaintiff admits, however, "that the subject matter of Count Nine of the complaint [breach of contract] was probably not brought before the Claims Commissioner." (Opposition memorandum p. 13). General Statutes § 4-147
requires the claimant to file a concise statement of the basis of the claim. This, the plaintiff admits, was not done. Therefore, the Claims Commissioner did not authorize the claimant/plaintiff to sue the state for an alleged breach of contract and, consequently, this court lacks subject matter jurisdiction over count nine.
For the reasons stated above, the court grants the defendants' motion to dismiss against all counts pleaded by the plaintiff Robert Calvert, grants the defendants' motion to dismiss count 9 against the plaintiff William C. Calvert and denies the defendants' motion to dismiss counts 1, 2, 3, 4, 5, 6, 7 and 8 against the plaintiff William C. Calvert.
Hendel, J.